CENTRAL PARK PLACE, APPELLEE, *v.* McDOWELL, APPELLANT.

(No. 33242—Decided January 11, 1974.)

Mr. *S. E. Stein,* for appellee.
Mr. *Glenn Billington,* for appellant.

JACKSON, J. This is an appeal from a decision rendered by the Cleveland Municipal Court on October 26, 1973, granting judgment to plaintiff-appellee in a forcible entry and detainer action.

Defendant-appellant and his wife occupied one of 88 town houses of Central Park Place from February 1972 until the present time. This occupancy was consummated pursuant to provisions of a written occupancy agreement and a subscription agreement. Article 1 of this occupancy agreement provides that appellant, as a condition of his occupancy, pay "monthly carrying charges" to appellee, Central Park Place. The monthly carrying charges repre-

sented appellant's share of the operating expenses of the building, *i. e.*, taxes, insurance, mortgage principal and interest, etc.

Appellant admitted arrearage in monthly carrying charges amounting to $286 at the time of filing by plaintiff-appellee of forcible entry and detainer action. Article 13 (h) of the occupancy agreement states, *inter alia,* that if the monthly carrying charges are not paid Central Park Place may re-enter and repossess the premises through suitable action at law or in equity. Appellee, Central Park Place, filed this action on September 27, 1973, requesting only restitution of the property and making no request for the recovery of accrued and delinquent carrying charges. A hearing was held on October 26, 1973, with both parties present. Whereupon, the trial court announced its decision restoring possession of the premises to appellee.

Appellant assigns two errors by the trial court. We find both assignments to be without merit.

*Assignment of Error No. 1:*

"Plaintiff-Appellee has breached its contract with Defendant-Appellant to form a cooperative of which Defendant-Appellant would be a member."

Appellant argues that he was justified in not paying the monthly carrying charge because appellee breached an alleged covenant to transfer to the occupants of the 88 units ownership and control of the corporation, Central Park Place. This court has thoroughly reviewed the record on appeal and finds no evidence of a covenant concerning transfer of ownership and control of the corporation, Central Park Place. The occupancy agreement does provide that Central Park Place was formed for the purpose of acquiring, owning and operating a "cooperative housing project." However, appellant presented no documents or other evidence such as a certificate of incorporation, corporate charter, by-laws or stock subscription agreements, which are necessary to establish his status and rights as a stockholder-tenant in a cooperative housing association. See 15 American Jurisprudence 2d Condominiums, Etc., Section 23 (1964).

Appellant therefore failed to establish in the trial court that his covenant to pay monthly carrying charges was dependent upon the transfer of ownership and control of the appellee corporation to the tenants.

*Assignment of Error No. 2:*

"Damages available to Defendant-Appellant from Plaintiff-Appellee must be applied by way of set-off to the rent arrearage alleged."

Appellant contends that he should not be found in arrears on his monthly carrying charges because the $350 subscription fee should be applied against such arrearage.

A forcible entry and detainer action affects only the question of the present right to possession of the property, *Carroll* v. *O'Conner* (1874), 25 Ohio St. 617, and possession is the sole ultimate issue in the case. *Kuhn* v. *Griffin* (1964), 3 Ohio App. 2d 195.

Appellant has attempted to intertwine the issue of his right to possession with the question of the proper disposition of the $350 subscription fee. While this court acknowledges the provision of clause 5 of the subscription agreement controlling the disposition of the subscription fee upon default by a subscriber, interpretation of this clause by this court is not before us, and such gratuitous action would improperly introduce collateral issues into an action for forcible entry and detainer. Appellant's payment of the subscription fee cannot enhance his right to continued possession of the premises after he has failed to pay the monthly carrying charges.

*Judgment affirmed.*

MANOS, C. J., and KRENZLER, J., concur.