In the Matter of FLORIDA AIRLINES, INC., Debtor.

Bankruptcy No. 80–79.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Feb. 12, 1982.

Domenic L. Massari III, Sarasota, Fla., for Blue Crab.

Shirley C. Arcuri, Tampa, Fla., for Trustee.

Chris C. Larimore, Bradenton, Fla., Trustee.

## ORDER ON APPLICATION FOR PAYMENT OF ADMINISTRATIVE RENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon an Application for Payment of Administrative Rent filed by Blue Crab Processing, Inc. (Blue Crab), sub-lessor of the property leased by Florida Airlines, Inc. Florida Airlines is the Debtor in this Chapter 7 proceeding, which was converted from a Chapter 11. It is the contention of Blue Crab that the Debtor's estate owes rent, pursuant to the terms of the lease agreement, for use and occupancy of the premises referred to as "Hangar A–2". The Trustee contends that the Debtor's estate should not be liable for the rent since the property housed in Hangar A–2 has been abandoned, and therefore there has been no benefit to the estate. In support of its position, the

Trustee cites *In the Matter of Furniture-in-the-Raw, Inc.*, 4 B.C.D. 519 (S.D.N.Y.1978) and *In the Matter of Datamation Services*, 1 B.C.D. 1698 (S.D.N.Y.1975). Blue Crab counters the argument, stating that there has been, in fact, benefit to the estate, and in any case, that the existence or nonexistence of benefit should not govern the decision, citing *In re Atlantic Boat Builders Co., Inc.*, 5 B.C.D. 128 (M.D.Fla.1979).

The facts germane to the resolution of this matter are without dispute and can be summarized as follows:

The Debtor's Chapter 11 reorganization was converted to a Chapter 7 liquidation proceeding on September 10, 1981. Up until that time, the Debtor had continued to pay rent and perform in accordance with the terms of the lease. After the conversion, the Chapter 7 trustee continued in possession of the leased premises; however, no rent has been paid since the conversion. The lease agreement was rejected by the Trustee pursuant to § 365 of the Bankruptcy Code on December 1, 1981, but the Trustee did not deliver possession of the premises until January 7, 1982. The Trustee also filed a Notice of Intention to Abandon the property housed in Hangar A–2 on December 11, 1981. Upon an objection filed thereto, a hearing was held on the matter December 30, 1981, and the objection was overruled. An appropriate order was entered February 4, 1982, nunc pro tunc to December 30, 1981. Under the terms of the lease, the rent payments are $6,649.11 per month, plus sales tax of $265.98, plus pro rata insurance payments of $132.45 per month, plus late charges for payments not made timely. Blue Crab demands rent only for the period October 1, 1981 through January 7, 1982, although the abandoned property remained in the hangar after January 7 and apparently is still there.

It is well settled that if the Trustee chooses to adopt an unexpired lease, the Debtor's estate becomes liable for the rent which accrued under the terms of the lease from the date of filing the petition until the date of assumption. However, where, as

here, a lease is ultimately rejected, or for the period pending the Trustee's decision, the estate is liable only for the reasonable value of use and occupancy of the premises. *Philadelphia Co. v. Dipple*, 312 U.S. 168, 61 S.Ct. 538, 85 L.Ed. 651 (1941); *In re Standard Furniture Co.*, 3 B.R. 527, 6 B.C.D. 270 (S.D.Cal.1980); 2 Collier on Bankruptcy ¶ 365.03(2) (15th Ed. 1981). That amount is ordinarily fixed at the rent reserved in the lease. 2 Collier on Bankruptcy ¶ 365.03(2) (15th Ed. 1981).

The Trustee contends that since the inventory and property held on the leased premises has been abandoned, there was no benefit to the estate and therefore no rent owing to Blue Crab. Although it is true that abandonment by the Debtor or trustee of property on leased premises is not legally cognizable as "use or occupancy", *In the Matter of Furniture-in-the-Raw, Inc., supra*, no formal order on the abandonment was entered until February 4, 1982. As far as Blue Crab was concerned, the trustee was still interested in the property in Hangar A–2, at least until the December 30th hearing was held and the Objection to the abandonment was overruled. The fact that the Trustee did in fact intend to abandon the property in Hangar A–2 does not obviate the fact that he used and occupied the leased premises for almost three months pending the decision of disposition of the Debtor's property, and did so at Blue Crab's expense. Meanwhile, the property of the estate was maintained and preserved. Under the Trustee's argument, he could theoretically leave the property on leased premises for two years, then abandon it, and reject the lease, leaving the lessor with a loss of two years of rent and two years of use of his premises. This position is not supported by the Code, legislative history or common sense. See, *Furniture-in-the-Raw, supra*.

■ Blue Crab conceded that the sales tax payments under the lease are not in the nature of and are not part of the rent agreed upon. Accordingly, the Debtor's estate is not liable for any sales taxes. Nor is the estate liable for penalties or interest for past-due rent. *In re Waller*, 3 B.C.D. 78

(S.D.Cal.1977). However, Blue Crab asserted, and it was undisputed, that the monthly pro-rata insurance payments are part of the rent provided for in the lease agreement.

■ In light of the foregoing, this Court is satisfied that Blue Crab is entitled to the reasonable value for use and occupancy of the leased premises for the period of October 1 through December 30, 1981. That value shall be the amount of rent reserved in the lease. Blue Crab is also entitled to the prorata insurance payments for the same period of time.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Application of Blue Crab Processing, Inc. to require payment of administrative rent be, and the same hereby is, granted, as modified herein, and the Trustee be, and the same hereby is, ordered and directed to pay to Blue Crab Processing, Inc., the sum of $19,734.62 as compensation for use and occupancy, plus $383.61 in pro-rata insurance payments; provided, however, that this Court shall retain jurisdiction to re-examine the rent allowance for use and occupancy paid pursuant to this Order and enter an appropriate order in the event the funds available for distribution are insufficient to pay all administrative expenses entitled to priority under § 503 of the Bankruptcy Code in full.