EGNER, APPELLEE AND CROSS-APPELLANT, *v.* EGNER ET AL., APPELLANTS AND CROSS-APPELLEES.

(No. 10-116 — Decided June 10, 1985.)

*Linda D. Cooper,* for Lee J. Egner.

*Ralph Rudd* and *Legal Aid of Lake & Geauga Counties,* for Josephine Egner et al.

COOK, J.  Josephine Egner lives at 2692 Lost Nation Road, Willoughby, Ohio with two of her six children, Arthur and Jody, and Jody's daughter, Michelle. Josephine is the legal guardian of both Jody and Michelle. In 1980, Josephine Egner feared she would lose her home on Lost Nation Road, which she owned at that time, for failure to pay her taxes. She agreed to deed the property to another son, Lee Egner, if he would pay the taxes and permit her to live in the house the rest of her life. Lee Egner agreed and the property was transferred.

Later, Lee decided that he wanted to tear the house down and build a new one. He attempted to have Josephine and the others move out. After she refused to do so, Lee brought an action in forcible entry and detainer to evict Josephine, Arthur, Jody and Michelle.

After a bench trial, the court held that Josephine was entitled to remain on the premises as a result of an oral lease with Lee, but that Jody, Michelle and Arthur must vacate the premises.

Josephine, Jody, Michelle and Arthur Egner, appellants herein, have appealed the judgment of the trial court and have filed the following assignment of error:

"The municipal court erred to the prejudice of the defendants-appellants Josephine, Arthur, Jody and Michelle Egner in granting eviction against Arthur, Jody and Michelle Egner."

The assigned error of the appeal is well-taken.

Lee Egner has filed a cross-appeal and has filed the following three assignments of error:

"1. The trial court erred in finding an oral lease for life, contrary to the Statute of Frauds, where such oral lease virtually grants the lessee an interest equivalent to a tenant for life in real estate which is beyond the jurisdiction of a municipal court.

"2. The trial court erred in finding an oral lease where there was insufficient evidence to establish that the parties had agreed to a lease.

"3. The trial court erred in rendering judgment ordering performance of an oral lease for life, contrary to the Statute of Frauds, where the appellant [Josephine Egner] failed to meet the equitable requirements establishing a part performance which would remove such a lease from the Statute of Frauds."

The assigned errors on the cross-appeal are without merit.

Turning first to the cross-appeal, Lee Egner contends that the court erred in finding an oral lease for life in favor of Josephine Egner because (1) the court had no jurisdiction to do so, (2) there was insufficient evidence to establish that the parties had agreed to a lease, and (3) Josephine had failed to establish part

performance which would remove the lease from the Statute of Frauds.

As to the court's jurisdiction to find that Lee granted his mother, Josephine, an oral lease for life, Lee contends that a municipal court does not have jurisdiction to determine title to premises in a forcible entry and detainer case.

A forcible entry and detainer action is a statutory remedy for obtaining the restitution of possession of real property. The gist and foundation of the action is the right to present possession, *Central Park Place* v. *McDowell* (1974), 38 Ohio App. 2d 29, 31 [67 O.O.2d 186], and this is the sole ultimate issue in the case, *Price* v. *Insande* (1923), 20 Ohio App. 19, 21-22.

In the instant cause, the trial court did not determine title to the subject property but did decide the present right to possession of the property. It found that cross-appellant, Lee, had title to the property but did not have a right to possession of the property since he had given his mother an oral lease for life as to the property, as a result of his agreement that she could live on the property the rest of her life in return for her deeding the property to him.

We conclude the court had jurisdiction in the instant forcible entry and detainer action to determine who was entitled to possession of the property and this the court did.

As to the issue of whether there was sufficient evidence to establish that the parties agreed to a lease, the record clearly demonstrates there was evidence that Lee agreed to let his mother remain in the house the rest of her life in return for her deeding the property to him.

"* * * A lease is a species of contract for the possession and profits of lands and tenements either for life, or a certain period of time, or during the pleasure of the parties." *Cook* v. *Paulding* (1965), 4 Ohio Misc. 111, at 115 [33 O.O.2d 165].

In the instant cause, the court found

that Lee Egner and his mother entered into a contract whereby Josephine Egner was to have possession of the subject premises for the rest of her life.

We conclude there was sufficient evidence that the parties intended such a contract or lease.

As to the issue of whether the purported lease of the subject premises was required to be in writing by the Statute of Frauds, ordinarily a lease is required to be in writing but an oral lease may be taken out of the Statute of Frauds by part performance.

In the instant cause, there has been part performance under the oral lease by Josephine. She has deeded the subject property to her son, Lee. She was in possession of the premises for a period of time before her right to possession was questioned. Thus, the change in her position makes it impossible or impractical to place the parties in *status quo*.

We conclude that the parties' oral lease was taken out of the operation of the Statute of Frauds by Josephine's part performance.

Turning now to appellants' assignment of error, since Josephine had an oral lease of the subject premises for the rest of her life, she, as a tenant, was entitled to exclusive possession of the premises except as modified by the terms of the lease. 3 McDermott, Ohio Real Property Law and Practice (3 Ed. 1966) 28, Section 18-24A.

In the instant cause, the trial court did not find any restrictive conditions to exist as to the lease. Nor does there appear to be any evidence in the record as to any such restrictions.

Therefore, we conclude Josephine Egner is entitled to exclusive possession of the premises and is entitled to have members of her family live with her if she so chooses. Considering that Josephine is the guardian of her daughter, Jody, and her granddaughter, Michelle, and her son, Arthur, who is partially disabled, it is only natural that she welcome them into her home. Since there are no restrictions in the lease, she is free to do so.

Judgment reversed as to the appeal of Josephine, Arthur, Jody, and Michelle Egner and final judgment entered for them. Judgment affirmed as to the cross-appeal of Lee Egner.

*Judgment accordingly.*

DAHLING, P.J., and FORD, J., concur.