### In re BELL & BECKWITH, Debtor.

### Bankruptcy No. 83–0132.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Jan. 15, 1991.

**648**

Philip R. Joelson, Toledo, Ohio, for B & B Co.

Fuller & Henry, Toledo, Ohio, for trustee.

Susan M. Pioch, Toledo, Ohio, for Robert R. Coon.

Dennis F. Keller, Holland, Ohio, for Donald C. Henninger.

Stephen P. Harbeck, Washington, D.C., for SIPC.

David W. Wicklund, Toledo, Ohio, for John E. Thompson and George M. Todd.

Russell R. Miller, Toledo, Ohio, for Roscoe R. Betz, Jr.

David M. Schnorf, Toledo, Ohio, for Thomas L. McGhee.

H. Buswell Roberts, Jr., Toledo, Ohio, for Robert R. Coon, II.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on B & B Company's Request for Payment of Administrative Expenses. The Trustee and the Securities Investor Protection Corporation have filed Memoranda in Opposition in response to B & B Company's Motion. The Court has reviewed the written arguments of counsel, the relevant case and statutory law, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that B & B Company's Motion should be granted.

### FACTS

The facts do not appear to be in dispute. Pursuant to a court order by the United States District Court for the Northern District of Ohio, Western Division, the Trustee in this case, Patrick A. McGraw, has occupied the premises at 234 Erie Street, Toledo, Ohio, (hereinafter "Bell & Beckwith Building") since February 10, 1983. B & B Company owned the Bell & Beckwith Building. B & B Company is an Ohio general partnership comprised of the Debtor, Bell & Beckwith, and individual general partners of the Debtor.

The Debtor rented the Bell & Beckwith Building from B & B Company on a month-to-month oral lease. According to the terms, the Debtor was to remit Four Thousand Thirty-three Dollars and Thirty-three Cents ($4,033.33) a month for rent, payable on a quarterly basis. On July 11, 1983, this Court entered an Order granting the Trustee authority to assume the lease. The Trustee has not paid rent for either the period from February 10, 1983, to July 10, 1983, or the period from July 11, 1983, when the Trustee assumed the lease, to the present.

The Trustee contends that no rent has been paid due to the fact that the Bell & Beckwith Building was encumbered with a mortgage guaranteed by the individual general partners of Bell & Beckwith. B & B Company borrowed One Hundred Ten Thousand Dollars ($110,000.00) from United Home Federal (hereinafter UHF), granting UHF a mortgage on the Bell & Beckwith Building, and agreeing to pay quarterly payments of Twelve Thousand One Hundred Dollars ($12,100.00). The total rent charged by B & B Company per year is Forty-eight Thousand Four Hundred Dollars ($48,400.00). At the Hearing, held on February 15, 1990, the Trustee entered into evidence, without objection, a fair rental value of the Bell & Beckwith Building of Twenty-two Thousand Six Hundred Thirty-five Dollars ($22,635.00) per year. The Trustee asserts that the monthly rent charged by B & B Company, calculated on a quarterly basis, was an amount equal to the mortgage payments due to UHF. The Trustee objects to the rent charged on the grounds it is excessive and asserts that the oral month-to-month lease is invalid under O.R.C. section 1335.04; and as such the Trustee need only be responsible for the use and occupation and the fair rental value of the premises, as opposed to the rent provided for in the lease.

The Trustee also chose not to pay rent so as to prevent the monthly rental income

from eventually being paid to the Debtor's general partners, as they comprised B & B Company. As a result, B & B Company could not make the mortgage payments and UHF threatened to foreclose on the mortgage. The Trustee needed the building for administration of the Debtor's estate, so the Trustee purchased the note and mortgage for One Hundred Four Thousand Dollars ($104,000.00). The Trustee contends that this should be a set-off against the rent due.

Additionally, no rental payments were made because the Trustee made necessary repairs to the Bell & Beckwith Building, including installation of a furnace and a security system and repair of the roof. Real estate taxes were also paid by the Trustee. The Trustee contends that the cost of preserving the estate, approximately One Hundred Thousand Dollars ($100,-000.00), should be off-set from the rent claimed by B & B Company.

B & B Company admits that the Trustee is obligated to pay only the fair rental value of the property prior to assumption of the unexpired lease; but asserts that the oral month-to-month lease controls the terms of the leasehold once the Trustee assumes the unexpired lease agreement. B & B Company contends that the Trustee failed to make the rental payments and the mortgage payments without just cause. B & B Company requests payment as an administrative expense under section 503(b)(1)(A) of the Bankruptcy Code for the Trustee's use and occupancy as well as payment of the monthly rent until the Trustee vacates the premises.

The issues presented in this matter are whether the Trustee assumed the lease; and if so, what effect does assumption have in this instance. The Court must also determine whether the Trustee is entitled to a rental set-off.

## LAW

■ Bankruptcy Code Section 365 provides that the "trustee, subject to the court's authority, may assume or reject any ... unexpired lease of the debtor." 11 U.S.C. § 365. Assumption of an unexpired lease must also result in the assumption of both the benefits and burdens of the contract; the trustee may not pick and choose from the desirable and undesirable portions of the contract. *In re Holland Enterprises, Inc.*, 25 B.R. 301 (E.D.N.C.1982); *In re Italian Cook Oil Corp.*, 190 F.2d 994 (3rd Cir.1951). Upon assumption, the trustee is liable for the full contractual rent accruing under the terms of the contract. *Memphis–Shelby County Airport Authority v. Braniff Airways, Inc.*, 783 F.2d 1283 (5th Cir.1986). Additionally, "[t]he rent reserved in the lease is presumptively a fair rental...." *Don Allen Chevrolet, Inc. v. Foreman*, 457 F.2d 331, 332 (5th Cir.1972).

■ On July 11, 1983, this Court granted the Trustee "authority to assume the oral month to month lease over the Bell & Beckwith offices at 234 N. Erie Street, Toledo, Ohio" and ordered that the "oral month to month lease be and *it hereby is [sic] assumed by the Trustee on behalf of the estate of the debtor."* Order Granting Trustee Authority to Assume Certain Unexpired Lease, July 11, 1983 (emphasis added). This Order causes the first issue to be resolved rather quickly; the Trustee assumed the lease.

■ However, the Trustee asserts that the assumption of the oral month-to-month lease is invalid under the Statute of Frauds as set out in section 1335.04 of the Ohio Revised Code. O.R.C. Section 1335.04 provides that "No lease ... shall be assigned or granted except by ... note in writing...." Ohio Rev.Code Ann. § 1335.04 (Baldwin 1988). The Court acknowledges that as a rule a lease is required to be in writing and additionally acknowledges the exception to that rule: that part performance will take the oral lease out of the Statute of Frauds. *Egner v. Egner*, 24 Ohio App.3d 171, 493 N.E.2d 999 (1985). Under the doctrine of part performance, "an exchange of possession pursuant to an agreement deems the agreement enforceable regardless of whether the agreement was properly executed." Note, *The Ohio Statute of Frauds of Coveyances and Leases of Interests in Real Property*, 38 Cinn.L.Rev. 135 (1969). The Trustee en-

tered and occupied the Bell & Beckwith Building on February 10, 1983. On July 11, 1983, this Court granted the Trustee authority to assume the lease and the Trustee has been in continued possession of the Bell & Beckwith Building since that time. In light of this, the Trustee is estopped from denying the validity of the lease.

The Court must now consider the effect of the assumption. It is important to note that we are dealing with two separate situations; the first being that period of time between February 10, 1983, when the Trustee took possession, to July 10, 1983. The second situation presented is that period of time from July 11, 1983, when the Trustee assumed the lease, to the present. Each situation is governed by different rules.

■ When considering the time period between possession by the Trustee and assumption of the lease, the rule is that the Trustee is liable only for the reasonable value of use and occupancy of the premises. *In re Florida Airline, Inc.*, 17 B.R. 683, 685 (M.D.Florida 1982). Courts generally determine that amount to be the rent reserved in the lease. *Id.* at 685. This Court finds that the reasonable value of use and occupancy for this time period is Four Thousand Thirty-three Dollars and Thirty-three Cents ($4,033.33) per month.

■ Since the lease was assumed, the Trustee is bound by the terms of the lease from July 11, 1983 and cannot now object to the amount charged as excessive. B & B Company and Bell & Beckwith bargained for the rental amount at the commencement of the leasehold; and this Court will not rewrite the agreement to accommodate the Trustee's views of what the rent should be. Equally important is the fact that the Trustee has made use of the entire premises since 1983. Had the Trustee strongly objected to the rent as excessive, the Trustee could have vacated the premises and located less expensive storage and operating space; or, alternatively, could have utilized a portion of the building as storage and operations and either rented out or abandoned the rest of the building. There-

fore, the Court finds the Trustee liable to B & B Company for Four Thousand Thirty-three Dollars and Thirty-three Cents ($4,033.33) per month in rent from July 11, 1983, to the present.

The Trustee has expended Two Hundred Four Thousand Dollars ($204,000.00) in preservation of the estate. The Court holds that the Trustee is entitled to a set-off of this amount from the rent due and owing to B & B Company.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that B & B Company's Motion for Payment of Administrative Expenses be, and is hereby, Granted.

It is FURTHER ORDERED that the Trustee remit to B & B Company Twenty Thousand One Hundred Sixty-six Dollars and Sixty-five Cents ($20,166.65) for rent from February 10, 1983, to July 10, 1983.

It is FURTHER ORDERED that the Trustee remit to B & B Company Four Thousand Thirty-three Dollars and Thirty-three Cents ($4,033.33) per month for rent from July 11, 1983, until such time as the Trustee vacates the premises.

It is FURTHER ORDERED that the Trustee be, and is hereby, entitled to a set-off from the rent due in the amount of Two Hundred Four Thousand Dollars ($204,-000.00).