DECISION
{¶ 1} Defendant-appellant, Audrey Harmon, appeals from the Franklin County Court of Common Pleas, which entered default judgment against appellant and awarded $39,372.25 in damages in favor of plaintiff-appellee, Columbus Investment Group, Inc. ("Columbus Investment").
{¶ 2} The underlying facts are as follows. On February 21, 2001, Columbus Investment initiated a complaint for forcible entry and detainer. The complaint alleged that Linda Maynard, who is not a party to this appeal, was unlawfully occupying residential property owned by Columbus Investment. According to the complaint, Maynard had been living at the property pursuant to the terms of a lease with option to purchase, but she had defaulted on the terms of the agreement.
{¶ 3} The complaint also alleged that Maynard had attempted to file a grantee statement with the Franklin County Auditor, which falsely represented that Maynard had paid $68,000 in cash to purchase the property from Columbus Investment. The complaint further alleged that appellant and another defendant, Tammy Shannon, had signed their names as witnesses to a fraudulent general warranty deed as part of a scheme to unlawfully transfer ownership of the property from Columbus Investment to appellant. Columbus Investment conceded, however, that, to the best of its knowledge, this alleged fraudulent deed had not been recorded.
{¶ 4} By its prayer for relief, Columbus Investment requested compensatory and punitive damages against Maynard and the witnesses "as a result of the Defendants' fraudulent actions." It also requested an injunction to enjoin Maynard and the witnesses from damaging, destroying or causing harm to the property before Maynard's ejection and a declaration that appellant and Shannon "are guilty of participation in and furthering of the fraudulent schemes and actions of Defendant Maynard[.]"
{¶ 5} The record demonstrates that appellant was served via certified mail on February 28, 2001, although appellant maintains that she did not receive a copy of the complaint. In any event, appellant did not answer or otherwise defend in the action. Tammy Shannon, the other witness to the alleged fraudulent deed, apparently also did not defend in the action and, on April 11, 2001, the trial court entered default judgment against appellant and Shannon. By its judgment, the trial court deemed all averments in the complaint as true with regard to appellant and Shannon, and it granted judgment, jointly and severally, against appellant and Shannon "on the issue of liability" and "on Plaintiff's claims for compensatory damages."
{¶ 6} On January 31, 2002, the trial court held a damages hearing with regard to the default judgment against appellant and Shannon. Columbus Investment offered evidence concerning (1) the costs to clean up and repair the property after Maynard had vacated ($1,370.17); (2) the final utility bill ($120.63); and (3) mortgage payments on the property in February, March, April and May 2001 ($2,523.20). Columbus Investment also asked for attorney fees in the amount of $35,358.25, which represented the entire amount of attorney fees invoiced in this case, and for punitive damages based upon appellant's liability for fraud.
{¶ 7} With regard to attorney fees, Columbus Investment offered the expert testimony of Kevin Humphreys, an attorney, who opined that the recording of a false deed would complicate an action for forcible entry and detainer. When asked whether $35,358.25 was a reasonable fee in light of the litigation, Humphreys testified as follows:
{¶ 8} "I reviewed Plaintiff's (invoice for attorney fees and costs) and the itemizations and the detail provided therein, in addition to the pleading material that was filed in this matter, and including other attachments and exhibits to those pleadings, and there's nothing that I have seen within the itemizations that would that to me doesn't comport with the litigation that actually took place in this matter." (Tr. at 23.)
{¶ 9} Upon cross-examination, Humphreys admitted that he had never prosecuted a forcible entry and detainer action that resulted in even half the attorney fees sought in this case. He also admitted that he had made no effort to apportion the fees between the various defendants.
{¶ 10} By judgment rendered on February 5, 2002, the trial court awarded damages to Columbus Investment in the amount of $39,372.25, the entire amount requested at the hearing. The trial court denied Columbus Investment's claims for punitive and/or exemplary damages.
{¶ 11} On April 18, 2002, appellant filed a petition for bankruptcy protection. In re Harmon (Bankr.Ct.Oh. 2002), No. 02-54990. By order dated June 25, 2002, and, pursuant to agreement of the parties, the bankruptcy court lifted the automatic stay "in order to allow a certain appeal in the case of Columbus Investment Group, Inc. v. Linda P. Maynard, et al., Franklin County Court of Common Pleas Case No. 01CVH02-1752, Appeal No. 01APW03-0271, to go forward and be heard in order to liquidate and fix the claims of the parties." We therefore address this appeal, notwithstanding the pending petition for bankruptcy protection.
{¶ 12} On appeal, appellant asserts the following assignments of error:
{¶ 13} "First Assignment of Error
{¶ 14} "The trial court erred and abused its discretion by denying a Civ.R. 60(b) motion to overturn a judgment filed by defendant-appellant on the basis that an appeal of the damages entry had been filed and therefore divested the trial court of jurisdiction to entertain the Civ.R. 60(b) motion.
{¶ 15} "Second Assignment of Error
{¶ 16} "The trial court erred and abused its discretion by granting the full amount of plaintiff's prayer for damages of $39,372.25 in an action for fraud in connection with the execution of a deed for real property when the itemized charges for damages evidenced are not adequately substantiated as is necessary and proper under Ohio Civil Rule 55(a).
{¶ 17} "Third Assignment of Error
{¶ 18} "The trial court erred and abused its discretion by granting the full amount of plaintiff's prayer for damages in an action for fraud in connection with the execution of a deed for real property when the itemized charges for damages are not associated with defendant's alleged fraudulent activity.
{¶ 19} "Fourth Assignment of Error
{¶ 20} "The trial court erred and abused its discretion by granting compensatory damages which include attorney's fees when its order specifically denies punitive and exemplary damages."
{¶ 21} By her first assignment of error, appellant contends that the trial court erred when it concluded that it lacked jurisdiction to entertain appellant's Civ.R. 60(B) motion. We disagree.
{¶ 22} Appellant filed an amended Civ.R. 60(B) motion to set aside judgment on March 6, 2002. While her motion was pending, appellant filed a notice of appeal on April 15, 2002. The Ohio Supreme Court has expressly stated that "an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment." Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, 147. In light of this authority, we conclude that the trial court did not err when it denied appellant's Civ.R. 60(B) motion for lack of jurisdiction. Appellant's first assignment of error is therefore overruled.
{¶ 23} By her second assignment of error, appellant contends that the trial court erred by granting $39,372.25 in damages because the itemized charges for damages were not substantiated in accordance with Civ.R. 55(A). We disagree with this argument.
{¶ 24} Civ.R. 55(A), which pertains to the entry of default judgment when a party has failed to plead or otherwise defend, provides as follows in relevant part:
{¶ 25} "* * * If, in order to enable the court to enter judgment or to carry it into effect, if is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."
{¶ 26} Appellant argues that "[t]he failure to conduct an evidentiary hearing has been established as grounds for relief." In the instant action, however, the trial court conducted a hearing in an effort to determine the amount of damages. Witnesses were sworn and cross-examined and documentary evidence was offered into evidence. We overrule appellant's second assignment of error, as we conclude that the trial court did not run afoul of Civ.R. 55(A).
{¶ 27} By her third assignment of error, appellant argues that the trial court erred by granting $39,372.25 in damages when the itemized charges for damages were not associated with appellant's alleged activity of fraudulently witnessing a deed, the allegations that formed the basis of the default judgment against appellant. The trial court's damages award includes: (1) costs to clean and repair the property after Maynard had vacated; (2) a final utility bill; (3) missed mortgage payments; and (4) attorney fees. A reviewing court will not disturb a trial court's decision regarding its determination of damages absent an abuse of discretion. Roberts v. United States Fid. Guar. Co. (1996), 75 Ohio St.3d 630, 634. An abuse of discretion implies that the trial court acted in an unreasonable, arbitrary or unconscionable manner. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. We conclude that the trial court abused its discretion in part when it entered judgment for $39,372.25, as some of these damages are not attributable to the default judgment against appellant.
{¶ 28} We conclude that the trial court erred by awarding damages relating to cleaning costs and a final utility bill. The complaint did not allege that appellant was living at the property, or that appellant had damaged or threatened to damage the property. Likewise, the complaint did not allege any facts that would indicate that appellant would be responsible for payment of utility bills. Accordingly, we conclude that the trial court erred when it awarded $1,370.17 in damages for cleaning and repair of the property, and $120.63 in damages relating to a final utility bill.
{¶ 29} We also conclude that the trial court erred by awarding damages related to mortgage payments. There is no indication in the complaint, or any evidence presented at the damages hearing, that appellant was responsible for mortgage payments on this property or that appellant did anything to prevent Columbus Investment from making its mortgage payments in February, March, April, or May 2001. Although Columbus Investment alleged that appellant had fraudulently witnessed a deed, it conceded that, to the best of its knowledge, the fraudulent deed had not been recorded. There is absolutely no reason that appellant should be responsible to make mortgage payments upon property owned by Columbus Investment. Moreover, during the course of this litigation, appellee entered into an agreement with Linda Maynard whereby Maynard agreed to pay rent, in accordance with the lease agreement, for the months of February and March 2001. The parties agreed at a hearing before a magistrate that the amounts due for February and March 2001 had been deposited with the clerk of courts and were to be released to appellee. The record also demonstrates that Maynard tendered the April 2001 payment at the magistrate's hearing, and that Maynard made repairs to the driveway in lieu of the May 2001 lease payment. The parties agreed Maynard could remain in possession of the property until May 31, 2001. We therefore conclude that the trial court erred when it awarded $2,523.20 in damages for mortgage payments against appellant.
{¶ 30} We turn now to the trial court's award of $35,832.75 in attorney fees. Appellant argues that the trial court's award of attorney fees was improper because Columbus Investment failed to establish that it suffered any compensatory damages attributable to appellant and, accordingly, an award of attorney fees is improper. We reject this argument, as we conclude that a portion of the award of attorney fees was properly awarded as a form of compensatory damages.
{¶ 31} The complaint alleged that appellant participated in a fraudulent scheme to transfer the title to the property and, among other relief, it requested an order preventing the Franklin County Auditor from recording documents that would establish that Maynard was the owner of the property at issue. To recover on its action for forcible entry and detainer, appellee had to establish that it had the right to possess the property, as "[t]he gist and foundation of the action is the right to present possession." Egner v. Egner (1985), 24 Ohio App.3d 171, 172. The injury caused by appellant, by witnessing the fraudulent warranty deed, therefore, was the potential cloud upon the title. Columbus Investment is entitled to be compensated for correcting this injury and, in this case, the damages were in the form of attorney fees. We conclude, therefore, that an award of attorney fees, as a measure of compensatory damages, was warranted.
{¶ 32} We further conclude, however, that the trial court abused its discretion when it entered an award for attorney fees as compensatory damages in the amount of $35,358.25, as this amount is unreasonably excessive and unsupported by the record. The evidence demonstrates that this amount represents the entire bill for all legal services related to this complaint, including the efforts to evict Maynard. Moreover, although the complaint indicates that Maynard attempted to record a fraudulent grantee statement, the complaint does not implicate appellant in that transaction, and appellant was not a signatory to the grantee statement. Furthermore, although the complaint alleges that appellant witnessed a fraudulent deed, it does not allege that the fraudulent deed was ever recorded. Under these circumstances, appellant is not liable to compensate Columbus Investment for all its attorney fees.
{¶ 33} Because of the circumstances of this case whereby the damages caused by appellant, by their nature, had to be remedied by the provision of legal services and, therefore, the attorney fees are compensatory damages, we conclude that an additional award of attorney fees over and above the amount necessary to compensate Columbus Investment for the specific cost of remedying any damage done by appellant to the title would be inappropriate.
{¶ 34} Attorney fees may be awarded in fraud cases where punitive or exemplary damages would be appropriate. Ferritto v. Olde Co., Inc. (1989),62 Ohio App.3d 582, 588. When no punitive damages are awarded, it is error for the trial court to award attorney fees. White Oak Communities, Inc. v. Russell (Nov. 9, 1999), Franklin App. No. 98AP-1563; Czarnecki v. Basta (1996), 112 Ohio App.3d 418, 425. In the instant matter, the trial court expressly denied Columbus Investment's claims for punitive and/or exemplary damages. Accordingly, Columbus Investment is only entitled to recoup attorney fees to the extent that they are compensatory damages expressly attributable to the specific costs associated with remedying any injury resulting from appellant's fraudulent signature on the warranty deed.
{¶ 35} In light of the foregoing analysis, we sustain in part and overrule in part appellant's fourth assignment of error. We instruct the trial court, upon remand, to ascertain the amount of legal fees attributable as compensatory damages to appellant's liability for witnessing a fraudulent deed and to enter judgment in Columbus Investment's favor in that amount.
{¶ 36} For the foregoing reasons, appellant's first, second and third assignments of error are overruled, and appellant's fourth assignment of error is sustained in part and overruled in part. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this case is remanded for further proceedings.
Judgment affirmed in part, reversed in part and case remanded.
LAZARUS and KLATT, JJ., concur.