[Cite as *State v. Snapp*, 2024-Ohio-2226.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No.   23CA000018 |
| DANNY W. SNAPP | : | 23CA000019 |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:    Appeal from the Cambridge Municipal
Court, Case Nos. CRB2300071 &
CRB2300228

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    June 10, 2024

APPEARANCES:

For Plaintiff-Appellee

JAMES R. SKELTON
Special Prosecutor
309 Main Street
Coshocton, OH 43812

For Defendant-Appellant

LOGAN B. GRAHAM
Cross Law Office, LLC
417 Main Street
Caldwell, OH 43724

*Gwin, P.J.*

{¶1}     Defendant-appellant Danny W. Snapp ["Snapp"] was convicted by a jury of theft and criminal trespass. This case presents two issues: (1). When the state argues the victim of a theft offense is a deceased person, can a defendant be found guilty of stealing property from that person? and (2). Can a landlord enter the apartment of a deceased tenant without notice? We conclude that a defendant can be convicted of stealing from a person after the person's death, and Snapp became a trespasser when he entered the apartment and stole property from the deceased tenant. We therefore affirm the judgment of the Cambridge Municipal Court, Guernsey County, Ohio.

*Facts and Procedural History*

{¶2}     Snapp and his wife are owners of the Colonial Manor apartment complex. On December 19, 2022, a tenant passed away. Police entered the apartment with body cameras activated to investigate the death. The video showed a radio-controlled airplane still inside the box inside the apartment. Sometime after the police had secured the scene, and had given the keys to the deceased tenants parents, Snapp entered the apartment using a master key, and while inside took the remote-controlled airplane. Snapp returned the airplane to the deceased tenant's brother with an apology several days later. As a result, Snapp was charged with Theft and later with an additional count of Criminal Trespassing.  A jury convicted Snapp of both counts. The judge sentenced Snapp to 30 days in jail on the Criminal Trespass charge, the maximum sentence, with no days of jail credit. The judge suspended jail days and imposed probation. The judge further sentenced Snapp to 180 days in jail on the Theft charge, the maximum sentence, with no

days of jail credit. The trial judge imposed 10 days in jail and the balance of jail days were suspended for a term of probation. Costs were assessed in both cases.

*Assignments of Error*

**{¶3}**   Snapp raises two Assignments of Error:

**{¶4}**   "I. APPELLANT'S THEFT AND CRIMINAL TRESPASS CONVICTIONS AT A JUNE 1, 2023, JURY TRIAL ARE NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE AND SHOULD BE REVERSED.

**{¶5}**   "II. APPELLANT'S THEFT AND CRIMINAL TRESPASS CONVICTIONS AT A JUNE 1, 2023, JURY TRIAL WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE REVERSED."

I.

**Standard of Appellate Review – Sufficiency of the Evidence**

**{¶6}**   The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...."  This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. 99 (2013); *Hurst v. Florida*, 577 U.S. 92 (2016). The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court. *State v. Walker*, 2016-Ohio-8295, ¶30; *State v. Jordan,* 2023-Ohio-3800, ¶13. "This naturally entails a review of the elements of the charged offense and a review of the state's evidence."  *State v. Richardson*, 2016-Ohio-8448, ¶13.

**{¶7}**   When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. *State v. Jenks*, 61 Ohio St.3d 259 (1991),

paragraph two of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 102 at n.4 (1997)*; *Walker*, 150 Ohio St.3d at ¶30. "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *Jenks* at paragraph two of the syllabus. *State v. Poutney*, 2018-Ohio-22, ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, '*if believed*, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'"  *State v. Murphy*, 91 Ohio St.3d 516, 543 (2001), *quoting Jenks* at paragraph two of the syllabus; *Walker* 150 Ohio St.3d at ¶31. We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.'"  *State v. Ketterer*, 2006-Ohio-5283, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430 (1997); *State v. Montgomery*, 2016-Ohio-5487, ¶74.

**Issue for Appellate Review**:  *Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the average mind that Snapp was guilty beyond a reasonable doubt of Theft and Criminal Trespass*

**After viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the average mind that Snapp was guilty beyond a reasonable doubt of Theft**

{¶8}    Snapp was convicted of one count of Theft in violation of R.C. 2913.02 (A)(1),

(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1) Without the consent of the owner or person authorized to give consent;

{¶9}    Snapp argues that because the state alleged that the deceased tenant was the owner of the radio-controlled airplane his conviction must be reversed "because upon death, an individual's property, both real property and personal property, ceases to be owned by that individual." [Appellant's brief at 11].

{¶10}  All the theft statute requires is that the accused, with purpose to deprive the owner of property, knowingly obtain or exert control over the property without the consent of the owner *or person authorized to give consent*. In the case at bar, pictures were introduced showing the radio-controlled airplane inside the decedent's apartment on December 19, 2022. T. at 126; 129; State's Exhibit B. Snapp admitted that he took the radio-controlled airplane from inside the apartment sometime after December 19, 2022. T. at 147; 159; 231. Snapp also admitted that he did not have permission to take the toy from the apartment of his tenant. Snapp further admitted that he did a stupid thing and his conscience was getting to him, so he returned the toy to the deceased tenant's brother. Id. at 178; 183; 234-235; 239. Snapp told the police that he needed to accept the consequences of his actions. Id. at 239-240; 244-245. Snapp admitted that after he returned the toy, it belonged to the family of the tenant. T. at 239.

{¶11}  The victim's name does not change the name or identity of the crime charged. *Dye v. Sacks*, 173 Ohio St. 422, 424 (1962); *State v. Phillips*, 75 Ohio App.3d

785, 792 (2nd Dist. 1991); *State v. Owens,* 51 Ohio App.2d 132, 149 (9th Dist. 1975); *State v. Burst,* 1995 WL 716755 (4th Dist. Nov. 20, 1995); *State v. Johnson,* 2003-Ohio-3241, ¶20 (8th Dist.). In other words, Snapp was still charged with theft regardless of the name of the victim. He admitted it belonged to the family of the deceased tenant. He never claimed he had permission to take the toy airplane from anyone.

{¶12}  Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Snapp did commit the crime of theft. We hold, therefore, that the state met its burden of production regarding each element of the crime of theft for which Snapp was indicted and, accordingly, there was sufficient evidence to submit the charge to the jury and to support Snapp's conviction.

**After viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the average mind that Snapp was guilty beyond a reasonable doubt of Criminal Trespass**

{¶13}  A jury also convicted Snapp of Criminal trespass in violation of R.C 2911.21,

(A) No person, without privilege to do so, shall do any of the following:

(1) Knowingly enter or remain on the land or premises of another

{¶14}  Snapp owns the apartment in which the decedent resided at the time of his death. Snapp argues that his lease with the tenant terminated upon the tenant's death; therefore, he had the right to enter without notice and take possession of the apartment.

{¶15}  A tenant is "a person entitled under a rental agreement to the use and occupancy of residential premises to the exclusion of others."  R.C. 5321.01(A). A rental

agreement is "any agreement or lease, written or oral, which establishes or modifies the terms, conditions, rules, regulations, or any other provisions concerning the use and occupancy of residential premises by one of the parties."  R.C. 5321.01(D). The evidence is that Snapp entered into a lease with the deceased tenant. State's Exhibit E. The tenant of the leased property, had the right to the exclusive possession of the premises. *Egner v. Egner*, 24 Ohio App.3d 171, 173 (11th Dist. 1985); *State v. Harper,* 1994 WL 81983(12th Dist. Mar. 14, 1994). It is possible for a person to commit a trespass with respect to property of which he is the owner or part owner. *State v. Dias,* 1997 WL 778849 (9th Dist. Dec. 10, 1997); *State v. Herder*, 65 Ohio App.2d 70, 74, (10th Dist. 1979). Trespass is an invasion of the possessory interest of property, not an invasion of title. Id. Under applicable property laws, the owner sacrifices his possessory interests in the property to the renter. *State v. Hermann,* 1996 WL 210782 (11th Dist. Mar. 8, 1996); *State v. Randolph,* 2022-Ohio-2909, ¶23 (6th Dist.) (citing *Hermann*); *Columbus v. Parks,* 2011 WL 1781911, ¶16 (10th Dist. May 5, 2011).

{¶16}  Snapp admitted that the rent for the month of December, 2022 had been paid by the tenant. T. at 245. Snapp did not return any portion of the rent money to the decedent's estate or family. Id. Snapp did not attempt to notify the next of kin or place a written notice on the door to the apartment prior to going inside. T. at 244.

{¶17}  The rent had been paid through December 31, 2022; therefore, Snapp did not have a privilege to enter the apartment without notice until that time. He certainly lost any right to invade the possessory interest of his tenant when he entered and stole the radio-controlled airplane from the apartment. *See, State v. Steffen*, 31 Ohio St.3d 111,

115 (1987) (One who lawfully enters premises becomes trespasser subject to conviction for burglary by virtue of commission of felony on premises.).

{¶18}  Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Snapp did commit the crime of criminal trespass. We hold, therefore, that the state met its burden of production regarding each element of the crime of criminal trespass for which Snapp was indicted and, accordingly, there was sufficient evidence to submit the charge to the jury and to support Snapp's conviction.

{¶19}  Snapp's First Assignment of Error is overruled.

II.

{¶20}  In his Second Assignment of Error, Snapp argues that his convictions for theft and criminal trespass are against the weight of the evidence.

**Standard of Review – Manifest Weight of the Evidence**

{¶21}  The term "'manifest weight of the evidence'. . . relates to persuasion." *Eastley v. Volkman*, 2012-Ohio-2179, ¶19. It "concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" (Emphasis deleted.) *State v. Thompkins*, 78 Ohio St.3d 380, 387(1997), *quoting Black's Law Dictionary* (6th Ed. 1990); *State v. Martin*, 2022-Ohio-4175, ¶ 26.

{¶22}  As to the weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient. *State v. Thompkins*, 78 Ohio St.3d 380, 386–387(1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith, 80 Ohio St.3d 89*; *State v. Issa*, 93 Ohio St.3d 49, 67 (2001).

{¶23} Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, *supra,* 78 Ohio St.3d at 386-387, *State v. Williams,* 2003-Ohio-4396, ¶83. When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. *State v. Jordan*, 2023-Ohio-3800; *Thompkins* at 387, *citing Tibbs v. Florida*, 457 U.S. 31, 42(1982) (quotation marks omitted); *State v. Wilson,* 2007-Ohio-2202, ¶25, citing *Thompkins.*

{¶24} In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Eastley* at ¶ 21. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the [trier of fact] is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80 (1984).

{¶25} When there is conflicting testimony presented at trial, a defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented. "'If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment.'" *Seasons Coal Co., Inc* at fn. 3, *quoting* 5 Ohio Jur.3d, Appellate Review, §603, at 191-192 (1978); *In re Z.C.,* 2023-Ohio-4703, ¶14.

{¶26} The interplay between the presumption of correctness and the ability of an appellate court to reverse a verdict based on the manifest weight of the evidence has been stated as follows, "'Judgments supported by some competent, credible evidence

going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.'" *Seasons Coal Co.,* 10 Ohio St.3d at 80, *quoting C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d 279, 280 - 281. See, also, *Frankenmuth Mut. Ins. Co. v. Selz*, 6 Ohio St.3d 169, 172 (1983); *In re Sekulich,* 65 Ohio St.2d 13, 16 (1981). "The central question is whether 'there is *substantial* evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt.' (Emphasis sic.) *State v. Getsy*, 84 Ohio St.3d 180, 193-194, 702 N.E.2d 866 (1998), *citing State v. Eley*, 56 Ohio St.2d 169, 383 N.E.2d 132 (1978), syllabus, *superseded by constitutional amendment on other grounds as stated in Smith, 80 Ohio St.3d 89, 684 N.E.2d 668." Nicholson,* 2024-Ohio-604 at ¶71.

**{¶27}** Further, to reverse a jury verdict as being against the manifest weight of the evidence, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required pursuant to Article IV, Section 3(B)(3) of the Ohio Constitution. *Bryan-Wollman v. Domonko*, 2007-Ohio-4918, ¶ 2-4, *citing Thompkins* at paragraph four of the syllabus.

**Issue for Appellate Review**:  *Whether the jury clearly lost their way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered*

### The Jury Did Not Lose Its Way Concluding that Snapp was Guilty of Theft and Criminal Trespass

**{¶28}** While Snapp was free to argue that he was justified in entering the apartment and that he mistakenly believed the toy airplane was being thrown away, the jury may have chosen to discredit his testimony. The jury saw Snapp, and all the

witnesses subjected to cross-examination. The jury also reviewed the body cam video from the police showing the radio-controlled airplane in the deceased tenant's apartment on December 19, 2022 and Snapp's statement to the police apologizing for taking the toy.

{¶29}  Finally, upon careful consideration of the record in its entirety, we find as set forth in our disposition of Snapp's First Assignment of Error, that there is substantial evidence presented which if believed, proves all the elements of the crimes for which Snapp was convicted. *State v. Nicholson,* 2024-Ohio-604, ¶75. Therefore, in light of the evidence, as well as the record in its entirety, we find the jury clearly did not lose its way concluding that Snapp was guilty of theft and criminal trespass. We find that the jury did not disregard or overlooked compelling evidence that weighed against conviction.

{¶30}  Snapp's Second Assignment of Error is overruled.

{¶31}  The judgment of the Cambridge Municipal Court, Guernsey County, Ohio is affirmed.

By Gwin, P.J.,

Wise, J., and

King, J., concur